IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                   No. CV 13-0791 JB/LAM
                                          CR 10-1926 JB

BEATRIZ A. CARDENAS-URIARTE,

    Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on August 22, 2013. On February 7, 2014, the Court entered a Memorandum Opinion and Order dismissing Defendant's sentencing claim, and ordering Plaintiff/Respondent (hereinafter "the Government") to file a response to Defendant's claim of ineffective assistance resulting in an involuntary plea. [*Doc. 5*]. On March 3, 2014, the Government filed a response to Defendant's ineffective assistance of counsel claim. [*Doc. 6*]. No reply has been filed and the time for doing so has passed. On May 22, 2014, United States

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0791.

1

District Judge James O. Browning referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 8*]. Having considered the motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-10-1926, the undersigned recommends, for the reasons set forth below, that the remaining claim in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-13-0791 be **DISMISSED with prejudice**.

Defendant's remaining claim in her Section 2255 motion is that her counsel was ineffective for giving her incorrect legal advice based on the United States Supreme Court decision in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013) and, therefore, her plea was involuntary. [*Doc. 1* at 3]. The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On June 24, 2010, Defendant was charged by indictment with: Conspiracy to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); Distribution of 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 2 and 5-7); and Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 3 and 4); and Aiding and Abetting, in violation of 18 U.S.C. § 2

(Counts 2-5).  [*Doc. 2*, filed in Case No. CR-10-1926].  On December 23, 2010, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to Counts 1, 2, 5, 6, and 7 of the indictment.  [*Doc. 39*, filed in Case No. CR-10-1926, at 2].  Pursuant to the plea agreement, Defendant waived her appellate rights to "any collateral attack to [her] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."  *Id.* at 15.  On February 8, 2012, the Court sentenced Defendant to 144 months of imprisonment, followed by four years of supervised release.  [*Doc. 86*, filed in Case No. CR-10-1926, at 3-4].  On March 20, 2012, Defendant filed an appeal with the Tenth Circuit Court of Appeals challenging her sentence.  [*Doc. 90*, filed in Case No. CR-10-1926].  On July 6, 2012, the Tenth Circuit Court of Appeals dismissed the appeal.  [*Doc. 106*, filed in Case No. CR-10-1926].  Defendant timely filed her § 2255 motion on August 22, 2013.  [*Doc. 1*].[3]

## Discussion

On June 17, 2013, the United Supreme Court in *Alleyne* held that any fact that increases the mandatory minimum sentence constitutes an element of the crime that must be found by a jury beyond a reasonable doubt.  133 S.Ct. at 2163.  *Alleyne* expressly overruled the United States Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002) (133 S.Ct. at 2155), which had previously found that judicial factfinding that increases the mandatory minimum was

---

[3] A motion under 28 U.S.C. § 2255 is timely if it is filed within one year from the date the conviction becomes final.  *See* 28 U.S.C. § 2255(f)(1).  The United States Supreme Court has held that, "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  The Tenth Circuit dismissed Defendant's appeal on July 6, 2012, and Defendant had 90 days from that date, or until October 4, 2012, in which to file a petition for writ of certiorari with the United States Supreme Court.  *See* U.S. Sup. Ct. R. 13(1).  Since Defendant filed her motion within one year of that time, on August 22, 2013, her motion is timely.

permissible under the Sixth Amendment (*id.* at 2163). In her motion, Defendant appears to contend that the Court imposed a sentence that is above the statutory minimum and is not based on facts that a jury found, in violation of the holding in *Alleyne*. *See* [*Doc. 1* at 3]. The entirety of Defendant's argument is: "In light of Alleyne, it is now clear that when [Defendant] was told by her lawyer, the judge and the prosecutor, that her requisite statutory predicates were not elements of the crime [for] which she was charged, she received critically incorrect legal advice. Even though they may have relied on existing precedent, it does not mitigate the impact of the erroneous advice." *Id.* In response, the Government contends that Defendant has failed to present any evidence that Defendant's counsel's performance was deficient. [*Doc. 6* at 6-7]. The Government further contends that Defendant has not suffered prejudice by her counsel's allegedly ineffective performance. *Id.* at 7-8.

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687; *see also United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012). Both showings must be made to satisfy the *Strickland* standard. 466 U.S. at 687. To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have

been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs. *Id.* at 697.

The Court finds that Defendant's ineffective assistance of counsel claim fails for several reasons. First, Defendant fails to state which facts used to sentence her should have been presented to the jury pursuant to the holding in *Alleyne*. Conclusory allegations without a supporting factual basis are insufficient to support a § 2255 claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255).

Second, Defendant waived her right to a trial by jury in her plea agreement (*see Doc. 39*, filed in Case No. CR-10-1926, at 1-2), thereby making the holding of *Alleyne* inapposite. *See United States v. Wilson-Crisp*, Nos. 11-CR-0122-CVE, 13-CV-0312-CVE-FHM, 2014 WL 1464830, at *8, n.11 (N.D. Okla. April 15, 2014) (unpublished) ("As defendant waived his right to a jury trial by pleading guilty and admitted to facts that, by law, increase the penalty for his crimes, *Alleyne* is inapposite.").

Third, Defendant entered into the plea agreement <u>three years before</u> the United States Supreme Court entered its ruling in *Alleyne*. The *Alleyne* holding overruled the holding in *Harris*, which allowed for judicial factfinding regarding sentences that exceed the statutory minimum. Therefore, Defendant presents no viable argument that her counsel's performance fell below an objective standard of reasonableness by following the holding of *Harris*, which was binding precedent at the time of the plea agreement.

And, finally, the Tenth Circuit has held that *Alleyne* "has not been made retroactive to cases on collateral review."  *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (citation and internal quotation marks omitted).  While *Payne* involved a motion to file a second or successive § 2255 motion based on the holding in *Alleyne*, Defendant cites to no authority, and the Court has found none, that retroactively applies the holding of *Alleyne* to ineffective assistance of counsel claims. For these reasons, the Court finds that Defendant's claim is without merit and recommends that it be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the remaining claim raised in Defendant's § 2255 Motion be **DENIED**, and that Case No. CIV-13-0791 be **DISMISSED with prejudice**.

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**